IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ARVINMERITOR TECHNOLOGY, LLC, and MERITOR HEAVY VEHICLE SYSTEMS, LLC, | )<br>)<br>)<br>) |
| *Plaintiffs*, | ) C.A. No. |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| KIC LLC, KIC HOLDINGS, INC., and KIC GROUP, LLC, | )<br>)<br>) |
| *Defendants*. | ) |

## COMPLAINT

Plaintiffs ArvinMeritor Technology, LLC and Meritor Heavy Vehicle Systems, LLC (together collectively referred to as "Meritor"), for their Complaint against Defendants KIC LLC, KIC Holdings Inc. and KIC Group, LLC (together collectively referred to as "KIC"), allege as follows:

## THE PARTIES

1. Plaintiff ArvinMeritor Technology, LLC is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 2135 West Maple Road, Troy, Michigan 48084-7186.

2. Plaintiff Meritor Heavy Vehicle Systems, LLC is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 2135 West Maple Road, Troy, Michigan 48084-7186.

3. On information and belief, Defendant KIC LLC is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 3800 NW Fruit Valley Road, Vancouver, Washington.

4. On information and belief, Defendant KIC Holdings, Inc. is a corporation organized under the laws of the state of Washington with its principal place of business at 3800 NW Fruit Valley Road, Vancouver, Washington.

5. On information and belief, Defendant KIC Group, LLC is a limited liability company organized under the laws of the state of Washington with its principal place of business at 3800 NW Fruit Valley Road, Vancouver, Washington.

## JURISDICTION AND VENUE

6. This is a complaint for patent infringement arising under 35 U.S.C. § 271 *et seq.*, for false patent marking under 35 U.S.C. § 292, for false advertising under the Lanham Act § 1125(a), and for common law unfair competition. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1367.

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because KIC is subject to personal jurisdiction in this District and therefore "resides" in this District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b), and because KIC, directly and/or through a third-party, manufacturers, makes, imports, sells, offers to sell or use various brake drum products, including the Trident 80000, within this judicial District, and does business within this District. Furthermore, KIC engaged in tortious conduct directed to harm residents of this District and has purposefully directed its activities to the State and this District and/or purposefully availed itself of this jurisdiction.

## THE PATENTS-IN-SUIT

8. There are three patents at issue in this action: United States Patent Nos. 5,782,324 ("the '324 Patent"), 6,196,363 ("the '363 Patent"), and 6,601,284 ("the '284 Patent") (collectively, "the Patents-in-Suit").

9. The '324 Patent is entitled "Composite Brake Drum and Method for Producing Same," and issued on July 21, 1998. ArvinMeritor Technology, LLC owns by assignment the entire right, title, and interest in and to the '324 Patent. Meritor Heavy Vehicle Systems, LLC is the exclusive licensee of the '324 patent in the United States. A true and correct copy of the '324 Patent is attached to this Complaint as Exhibit A.

10. The '363 Patent is entitled "Composite Brake Drum and Method for Producing Same," and issued on March 6, 2011. ArvinMeritor Technology, LLC owns by assignment the entire right, title, and interest in and to the '363 Patent. Meritor Heavy Vehicle Systems, LLC is the exclusive licensee of the '363 patent in the United States. A true and correct copy of the '363 Patent is attached to this Complaint as Exhibit B.

11. The '284 Patent is entitled "Composite Brake Drum and Method for Producing Same," and issued on August 5, 2003. ArvinMeritor Technology, LLC owns by assignment the entire right, title, and interest in and to the '284 Patent. Meritor Heavy Vehicle Systems, LLC is the exclusive licensee of the '284 patent in the United States. A true and correct copy of the '284 Patent is attached to this Complaint as Exhibit C.

## BACKGROUND

12. Meritor is a leading manufacturer of brake drums for commercial vehicles.

13. Among Meritor's line of brake drums is Meritor's patented STEELite X30 one-piece composite brake drum. Meritor has been manufacturing and selling its patented STEELite X30 brake drums since at least 2001.

14. Since at least 2001, Meritor has continuously marked its STEELite X30 brake drums with the '324 patent number, thus providing notice to KIC and all brake drum manufacturers of its patent rights.

15. KIC recently introduced its Trident 80000 brake drums into the U.S. Market. The Trident 80000 is a single-piece composite brake drum that competes directly with Meritor's STEELite X30 brake drums. KIC markets and sells its Trident 80000 brake drums to Meritor's customers.

16. On information and belief, KIC markets and sells its Trident 80000 brake drums not only on its website and in its product literature directed to residents of the Eastern District of Michigan, but also through dealers and/or distributors located in the Eastern District of Michigan.

17. KIC marks its Trident 80000 brake drums with U.S. Patent No. 9,016,443.

18. KIC also markets its Trident 80000 brake drums through brochures and website content claiming that the Trident 80000 features a patented dual-layer braking surface technology. KIC also refers at times to key features of its Trident 80000 brake drums as including three layer technology.

19. KIC's "KIC TRIDENT 80000 series lightweight brake drum" brochure, dated 2015, is attached as Exhibit D (hereinafter "Trident Brochure"). The Trident Brochure was made available to the public through at least KIC's website. KIC's brochure states, among other things "Trident™ features a patented* steel shell and dual-layer braking surface technology" and is marked with "*US Patent 9,016,443 – Patent also issued in China". See Exhibit D.

20. KIC makes available on KIC's website a web page located at http://www.kic-group.com/trident.html (hereinafter "Trident Web Page"). See attached as Exhibit E. This web page states, among other things, "Trident™ features a patented* steel shell and dual-layer braking surface technology" and is marked with "*US Patent 9,016,443. Also patented in China."

4

21. KIC sells and/or offers to sell Trident 80000 brake drums having "US PAT. 9016443" affixed to the brake drums. See attached Exhibit F.

22. Each of the claims of U.S. Patent No. 9,016,443 (the "'443 patent") requires a "structural layer … inside said brake drum shell" and a "friction layer inside said structural layer". See Exhibit G.

23. On information and belief, one or more of the Trident 80000 brake drums are not covered by U.S. Patent No. 9,016,443. On information and belief, the Trident 80000 brake drums do not practice any claim of the '443 patent for at least the reason that the Trident 80000 brake drums do not have both a structural layer and a friction layer, each layer being inside of the brake drum shell.

24. On information and belief, KIC is making these claims with the intent to gain a competitive advantage over Meritor and gain market share away from Meritor, while knowing that its claims are false.

## COUNT I
## INFRINGEMENT OF THE '324 PATENT

25. Meritor repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

26. In violation of 35 U.S.C. § 271, KIC has infringed and continues to infringe, literally or under the doctrine of equivalents, the '324 Patent by making, using, selling, or offering for sale within the United States, or importing into the United States, brake drum products that are covered by one or more claims of the '324 Patent, including but not limited to Trident 80000 brake drums.

27. Meritor has complied with the statutory requirement of placing notice of the '324 Patent on the brake drum products it manufactures and sells that are covered by the '324 Patent, and has thus provided KIC with constructive notice of the infringement.

28. On information and belief, KIC has committed infringement willfully and intentionally despite having notice of the '324 Patent, thus entitling Meritor to treble damages for KIC's willful infringement of the '324 patent.

29. As a result of KIC's infringement, Meritor has suffered and continues to suffer damages, including but not limited to lost profits.

30. KIC's infringement is further causing and will continue to cause Meritor irreparable harm, for which there is no adequate remedy at law. Unless and until enjoined by this Court, KIC will continue to infringe the '324 Patent. Under 35 U.S.C. § 283, Meritor is entitled to an injunction against further infringement.

## COUNT II
## INFRINGEMENT OF THE '363 PATENT

31. Meritor repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

32. In violation of 35 U.S.C. § 271, KIC has infringed and continue to infringe, literally or under the doctrine of equivalents, the '363 patent by making, using, selling, or offering for sale within the United States, or importing into the United States, brake drum products that are covered by at least one or more claims of the '363 patent, including but not limited to Trident 80000 brake drums.

33. As a result of KIC's infringement, Meritor has suffered and continues to suffer damages, including but not limited to lost profits.

34. KIC's infringement is further causing and will continue to cause Meritor irreparable harm, for which there is no adequate remedy at law. Unless and until enjoined by this Court, KIC will continue to infringe the '363 Patent. Under 35 U.S.C. § 283, Meritor is entitled to an injunction against further infringement.

## COUNT III
## INFRINGEMENT OF THE '284 PATENT

35. Meritor repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

36. In violation of 35 U.S.C. § 271, KIC has infringed and continue to infringe, literally or under the doctrine of equivalents, the '284 patent by making, using, selling, or offering for sale within the United States, or importing into the United States, brake drum products that are covered by one or more claims of the '284 patent, including but not limited to Trident 80000 brake drums.

37. As a result of KIC's infringement, Meritor has suffered and continues to suffer damages, including but not limited to lost profits.

38. KIC's infringement is further causing and will continue to cause Meritor irreparable harm, for which there is no adequate remedy at law. Unless and until enjoined by this Court, KIC will continue to infringe the '284 Patent. Under 35 U.S.C. § 283, Meritor is entitled to an injunction against further infringement.

## COUNT IV
## FALSE MARKING

39. Meritor repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

40. In violation of 35 U.S.C. § 292, KIC, with the intent to deceive the public, falsely marked its Trident 80000 brake drums with the '443 Patent, when the brake drums on

7

information and belief do not, in fact, include the two layer liner required by each claim of the '443 Patent.

41. On information and belief, at the time KIC published or distributed the Trident Brochure or the Trident Web Page, KIC knew that it did not practice any claim of the '443 patent.

42. On information and belief, KIC has never had a reasonable belief that the Trident 80000 brake drums were covered by at least one claim of the '443 patent.

43. On information and belief, KIC marks all of its Trident 80000 brake drums and related materials without regard for whether at least one claim of the '443 patent covers its Trident 80000 brake drums.

44. On information and belief, KIC falsely marked its Trident 80000 brake drums and related materials with the intent to gain a competitive advantage over Meritor and stifle competition in the market for brake drums.

45. KIC's false marking has created the misconception that KIC's Trident 80000 brake drums are covered by the '443 patent, and that KIC is therefore entitled to injunctive relief for infringement of same and to prevent competitors from offering products that compete.  As a result of this misconception, Meritor has suffered economic losses.

46. Meritor has suffered harm from KIC's false marking because KIC's false marking influences customers and potential customers that KIC's Trident 80000 brake drums, which are marketed and sold competitively against Meritor's line of X30 line of brake drums, include particular features and advantages, when they do not.

47. Under 35 U.S.C. § 292(b), Meritor is entitled to recover any damages adequate to compensate it for the competitive injury resulting from KIC's false marking.

48. KIC's false marking has further caused and will continue to cause irreparable harm to Meritor, for which there is no adequate remedy at law, unless and until KIC is enjoined by this Court from any further marking or advertising of its Trident 80000 brake drums with the '443 patent number or as being covered by the '443 patent.

## COUNT V
## VIOLATION OF THE LANHAM ACT –
## FALSE ADVERTISING AND UNFAIR COMPETITION

49. Meritor repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

50. In violation of 15 U.S.C. § 1125(a), KIC, with the intent to deceive the public, has falsely advertised its Trident 80000 brake drums as including patented dual layer braking surface technology.

51. KIC's false advertising has been made on KIC's website and in KIC's commercial marketing materials, including KIC's marketing brochures for the Trident 80000 brake drums.

52. On information and belief, KIC's advertising misrepresents the structure of the Trident 80000 brake drums as the Trident 80000 brake drums do not, in fact, include the dual layer braking surface structure. The Trident 80000 brake drums do not have both a structural layer and a friction layer, each layer being inside of the brake drum shell.

53. KIC's Trident 80000 brake drums compete directly with Meritor's STEELite X30 brake drums.

54. On information and belief, KIC falsely advertises its Trident 80000 brake drums knowingly with the intent to gain a competitive advantage over Meritor and gain market share away from Meritor in the market for brake drums.

9

55. Meritor has suffered commercial harm as a result of KIC's false advertising because KIC's false advertising influences customers and potential customers that KIC's Trident 80000 brake drums, which are marketed and sold competitively against Meritor's line of STEELite X30 line of brake drums, include particular features and advantages, when they do not.

56. Meritor is entitled to recover damages adequate to compensate it for the competitive injury resulting from KIC's false marking, which damages include at least lost profits.

57. On information and belief, KIC has profited from its false advertising of the Trident 80000 in amounts to be determined in the course of this action.

58. Pursuant to 15 U.S.C. § 1117, Meritor is entitled to recover KIC's profits resulting from KIC's false advertising of the alleged features of its Trident 80000 brake drums.

59. KIC's false marking has further caused and will continue to cause irreparable harm to Meritor, for which there is no adequate remedy at law, unless and until KIC is enjoined by this Court from any further false advertising of its Trident 80000 brake drums.

60. On information and belief, KIC's above actions are willful and intentional, thus entitling Meritor to an award of exemplary and enhanced damages in an amount appropriate to punish KIC and deter others from engaging in similar misconduct.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

61. Meritor repeats each and every allegation of the preceding paragraphs as if set forth fully herein.

62. KIC has competed unfairly with Meritor by falsely advertising and misrepresenting the features of its Trident 80000 brake drums as including dual layer braking

surface technology, when the Trident 80000 brake drums do not include the advertised dual layer structure. The Trident 80000 brake drums do not have both a structural layer and a friction layer, each layer being inside of the brake drum shell.

63. KIC's false advertising and commercial misrepresentations have been made on KIC's website and in KIC's commercial marketing materials, including KIC's marketing brochures for the Trident 80000 brake drums.

64. On information and belief, KIC misrepresents the features of its Trident 80000 brake drums knowingly and with the intent to gain a competitive advantage over Meritor and compete unfairly against Meritor in the market for brake drums.

65. Meritor has suffered commercial harm as a result of KIC's unfair competition because KIC's false advertising and misrepresentations influence customers and potential customers that KIC's Trident 80000 brake drums, which are marketed and sold competitively against Meritor's line of STEELite X30 line of brake drums, include particular features and advantages, when they do not.

66. Meritor is entitled to recover damages adequate to compensate it for the competitive injury resulting from KIC's unfair competition, which damages include at least lost profits.

67. On information and belief, KIC has profited from its acts of unfair competition in falsely advertising and misrepresenting the features of the Trident 80000 in amounts to be determined in the course of this action.

68. Meritor is entitled to recover KIC's profits resulting from KIC's unfair competition.

69.    KIC's unfair competition has further caused and will continue to cause irreparable harm to Meritor, for which there is no adequate remedy at law, unless and until KIC is enjoined by this Court from unfairly competing with its Trident 80000 brake drums.

70.    On information and belief, KIC's above acts of unfair competition are willful and intentional, thus entitling Meritor to an award of exemplary and enhanced damages in an amount appropriate to punish KIC and deter others from engaging in similar misconduct.

## **JURY DEMAND**

Meritor demands a jury trial as to all issues that are triable by a jury in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Meritor prays for the following judgment and relief against KIC:

(a)    That KIC is liable for infringement of one or more claims of the Patents-in-Suit, as alleged herein;

(b)    That KIC and its parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, be enjoined and restrained from continued infringement, including but not limited to making, using, selling, or offering for sale within the United States, or importing into the United States, any products or services that infringe the Patents-in-Suit prior to their expiration, including any extensions;

(c)    An award of all damages adequate to compensate Meritor for the infringement that has occurred, pursuant to 35 U.S.C. § 284, including prejudgment and post-judgment interest, and if necessary to adequately compensate Meritor for the infringement, an accounting;

(d)    An award of treble damages for willful infringement pursuant to 35 U.S.C. § 284;

(e) That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Meritor be awarded attorney's fees, costs, and expenses incurred in connection with this action;

(f) An award of damages sufficient to compensate Meritor for the competitive injury resulting from KIC's false marking pursuant to 35 U.S.C. § 292(b);

(g) That KIC and its parents, subsidiaries, affiliates, successors, predecessors, assigns, and the officers, directors, agents, servants and employees of each of the foregoing, and those persons acting in concert or participation with any of them, be enjoined and restrained from continued acts of false patent marking, false advertising and acts of unfair competition;

(h) Directing KIC to remove all false advertising and misrepresentations from KIC's products, website and marketing materials;

(i) Directing KIC to destroy all marketing materials that contain KIC's false advertising and misrepresentations;

(j) An award of KIC's profits attributable to KIC's false advertising and unfair competition, including but not limited to lost profits pursuant to 15 U.S.C. § 1117;

(k) An award of damages sufficient to compensate Meritor for KIC's false advertising and unfair competition;

(l) An award of treble damages for KIC's willful false advertising and unfair competition pursuant to 15 U.S.C. § 1117;

(m) That this case be declared an exceptional case within the meaning of 15 U.S.C. § 1117 and that Meritor be awarded attorney's fees, costs, and expenses incurred in connection with this action;

(n) Directing KIC to pay all costs incurred by Meritor related to this action; and

(o) An award of any further relief that this Court deems just and proper.

Respectfully submitted,

By: */s/ James K. Cleland*
Bradley G. Lane
James K. Cleland
BRINKS GILSON & LIONE
524 S Main St. – Suite 200
Ann Arbor, Michigan 48104
Tel: (734) 302-6000

Yashas K. Honasoge
BRINKS GILSON & LIONE
NBC Tower – Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
Tel: (312) 321-4200

Dated: November 2, 2015

*Counsel for Plaintiffs ArvinMeritor Technology, LLC and Meritor Heavy Vehicle Systems, LLC*